UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

LAURA CAMPBELL,

      Plaintiff,

v.

BIOMET 3i, LLC, a Florida Limited Liability
Company,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

      Defendant, Biomet 3i, LLC ("Defendant"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files its Notice of and Petition for Removal of the above captioned action presently pending in the Circuit Court of Palm Beach County, Florida, Case No.: 502021CA001568XXXXMB, to the United States District Court for the Southern District of Florida, and as grounds for removal states as follows:

      1.      On February 4, 2021, Plaintiff, Laura Campbell ("Plaintiff"), filed a civil action in the Circuit Court in and for Palm Beach County, Florida, (the "State Court Lawsuit").

      2.      On February 15, 2021, Defendant was served with a Summons and Complaint in the State Court Lawsuit.  A copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

      3.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is being filed within 30 days of service of the Summons and Complaint on February 15, 2021.

      4.      In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon the Defendant is attached hereto as Exhibit 1.

Case No. _____

5.      In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of this notice will be filed with the Clerk of the Palm Beach County Circuit Court.

6.      This case is removable to the United States District Court for the Southern District of Florida, West Palm Beach Division, which embraces the judicial district in which the action is currently pending, pursuant to 28 U.S.C. § 1441(a).

7.      The district courts of the United States have original jurisdiction over this matter, because it involves a controversy between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

## I.      DIVERSITY OF CITIZENSHIP EXISTS

### A.      Defendant is a Citizen of Indiana

8.      Defendant is a Florida limited liability company.  *See* Exhibit 2 (Declaration of Olga Rivera ["Rivera Decl."], ¶ 3; Exhibits 2-A (Defendant's Certificate of Conversion), 2-B (Florida Secretary of State Division of Corporations' Detail by Entity Name).[1]  "[A] limited liability company is a citizen of any state of which a member of the company is a citizen" for purposes of diversity jurisdiction.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see Hunt v. Nationstar Mortg., LLC*, 684 Fed. Appx. 938, 941-42 (11th Cir. 2017).

---

[1]      Defendant requests that the Court take judicial notice of records from the Secretary of State's website. *See Allstate Ins. Co. v. Estate of Levesque*, No. 8:08-cv-2253-T-33EAJ, 2010 U.S. Dist. LEXIS 83299, **5-6 (M.D. Fla. Jul. 19, 2010) (providing that case law from the Eleventh Circuit and other jurisdictions supports judicially noticing documents filed with the Division of Corporations).

Case No. _____

9.      Defendant has one member: Biomet, Inc.  *See* Rivera Decl. ¶ 4.  Biomet, Inc. is an Indiana corporation with its principal place of business in Indiana.  *See id.* ¶¶ 4, 5; Exhibit 2-C; *see also*, 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92 (2010) ("we conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' [. . . which] will typically be found at a corporation's headquarters") (citations omitted).

10.     Based on the above, as a limited liability company, Defendant is a citizen of Indiana, and is <u>not</u> a citizen or resident of Florida.  *See* Rivera Decl. ¶¶ 3-5.

**B.      <u>Plaintiff is a Citizen of Florida</u>**

11.     An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home."  *Brooks v. Sears, Roebuck & Co.*, No. 6:18-cv-554-Orl-37DCI, 2018 U.S. Dist. LEXIS 124390, *10 (M.D. Fla. Jul 2, 2018) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)); *Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV-LENARD, 2011 U.S. Dist. LEXIS 64824, *5 (S.D. Fla. Jun. 20, 2011).  There is a presumption that the state in which a person resides is that person's domicile for purposes of diversity jurisdiction.  *Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, **6-7 (S.D. Fla. Jul. 17, 2017); *Jakobot*, 2011 U.S. Dist. LEXIS 64824, *5.

12.     The Complaint alleges Plaintiff is a resident of Palm Beach County, Florida. Complaint ¶ 5.  Defendant's business records also indicate that Plaintiff is a citizen and resident

Case No. _____

of Palm Beach County, Florida.  *See* Rivera Decl. ¶ 6.  Moreover, Defendant has no information to suggest Plaintiff intend to leave the State of Florida.  Accordingly, Defendant respectfully submits it has carried its burden of showing that Plaintiff is, and has been at all relevant times, a citizen of the State of Florida for the purpose of removal.  *See Grant*, 2017 U.S. Dist. LEXIS 111695, at *7 (finding that a minimal showing of citizenship supports a finding that diversity exists and that removal is proper).

13.    Based on the foregoing, there is complete diversity of citizenship between the parties to this case.

## II.    THE AMOUNT IN CONTROVERSY IS OVER $75,000

14.    For purposes of establishing diversity jurisdiction, the Court may consider the entire record presented to it and not just the allegations in the Complaint. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. That kind of reasoning is not akin to conjecture, speculation, or star gazing"); *Woolard v. Heyer-Schulte*, 791 F. Supp. 294 (S.D. Fla. 1992) (defendant seeking to remove an action based on diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers); *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 246 (S.D. Fla. 1982); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 980-81 (M.D. Fla. 1978) (court may examine the record as a whole in determining the propriety of removal). District courts should not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (11th Cir. 2010).

4

Case No. _____

15.     In the Complaint, Plaintiff seeks damages in excess of $30,000, under the Florida

Civil Rights Act ("FCRA"), "**exclusive** of costs and interest," arising from "lost wages and

benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss

of enjoyment of life, and other non-pecuniary losses."  *See* Complaint ¶¶ 2, 26, 35  Plaintiff

specifically seeks front pay, back pay, punitive damages, and reasonable attorneys' fees and

litigation expenses. *See id*. "WHEREFORE" clauses.

16.     Plaintiff does not demand a specific amount of damages in the Complaint, but

merely pleads the amount she seeks is in excess of the $30,000.00 jurisdictional minimum for

claims filed in the State Circuit Court.[2]  *See* Complaint ¶ 2; Fla. Stat. § 26.012(2)(a) and §

34.01(1)(c) (establishing that jurisdiction of the Circuit Court shall lie for claims exceeding

$30,000.00).  Florida law permits recovery of damages in excess of the State Circuit Court

jurisdictional minimum of $30,000.00.

17.     Plaintiff's unspecified demand triggers the Eleventh Circuit's *Tapscott* standard.

*See Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on

other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000) ("where a plaintiff has

made an unspecified demand for damages in state court, a removing defendant must prove by a

preponderance of the evidence that the amount in controversy more likely than not exceeds the

---

[2]     Defendant recognizes that in the Civil Cover Sheet attached to Plaintiff's Complaint, Plaintiff indicated the Amount of Claim ranges from $30,001 to $50,000. *See* Exhibit 1, p. 10. However, the Civil Cover Sheet expressly states, "The estimated amount of claim is requested for data collection and clerical processing purposes only.  The amount of the claim shall not be used for any other purpose."  *See id*.; *see also*, *Koppey v. Liberty Mut. Fire Ins. Co.*, No. 20-cv-23583-BLOOM/Louis, 2020 U.S. Dist. LEXIS 189766, at *4-7 (S.D. Fla. Oct. 13, 2020) (rejecting use of Civil Cover Sheet to establish amount in controversy).  Thus, Plaintiff cannot rely on the Civil Cover Sheet to limit the open-ended amount in controversy—"in excess of $30,000"—as stated in her Complaint.  *See* Complaint, ¶ 2.  Regardless, the amount of claim does not account for recovery of attorneys' fees and costs, which, as discussed later, is estimated to exceed $75,000 alone.

Case No. _____

[$75,000] jurisdictional requirement."); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) ("preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant"); *Young v. Roy's Rest.*, No. 6:06-cv-178-Orl-19JGG, 2006 U.S. Dist. LEXIS 48483, *8 (M.D. Fla. Jul. 16, 2006) ("[i]n making the discretionary determination of whether to remand, the Supreme Court has instructed courts to weigh the values of judicial economy, convenience, fairness, and comity. Central to this inquiry is whether a plaintiff has engaged in gamesmanship or manipulative tactics . . . tactical manipulation by the plaintiff . . . cannot be condoned") (internal citations omitted).

18.     As confirmed by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, this Court need only find by a preponderance of the evidence that the amount in controversy is satisfied.[3]  *See* 28 U.S.C. § 1446(c)(2)(B); Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 760 (2011) ("the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded; and . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).")

19.     Under the FCRA, the statute under which Plaintiff's claims are brought, if Plaintiff prevails in this matter, the Court "may issue an order prohibiting the discriminatory practice and providing affirmative relief from the effects of the practice, including back pay.

---

[3]     A plaintiff's unspecified demand does not place upon a removing defendant the daunting burden of proving, to a legal certainty, that a plaintiff's damages exceed the amount in controversy requirement.  *See Tapscott*, 77 F.3d at 1357.

Case No. _____

The court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages . . . The judgment for the total amount of punitive damages awarded under this section to an aggrieved person shall not exceed $100,000.  In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." Fla. Stat. § 760.11(5).

20.     Here, as noted previously, Plaintiff seeks back pay and front pay, unspecified lost benefits, compensatory damages, punitive damages, and attorneys' fees and costs.  *See* Complaint, ¶¶ 2, 26, 35, "WHEREFORE" clauses.  Defendant addresses, below, the amount in controversy for each of these categories.

### A.     <u>COMPENSATORY DAMAGES</u>

21.     Evidence of compensatory damages can be considered in ascertaining whether the amount in controversy exceeds $75,000.  *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1357 (S.D. Fla. 1998).  A review of reported FCRA verdicts in Florida state and federal courts from January 1, 2016 to the present reveals that juries have awarded FCRA plaintiffs anywhere from $2,000.00 to $875,000.00 in compensatory damages, for an average award of $440,653.85.  *See* Exhibit 3-A.

22.     Thus, while Defendant denies Plaintiff's claims and/or her entitlement to any of the remedies demanded in the Complaint, the preponderance of the evidence establishes that the jurisdictional minimum is met based on Plaintiff's potential compensatory damages alone.  *See Roe*, 613 F.3d at 1061-62 ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court

Case No. _____

need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount") (citations omitted).

## B. <u>PUNITIVE DAMAGES</u>

23.     The amount in controversy on Plaintiff's claims also exceeds the statutory minimum, as she seeks punitive damages under the FCRA.  *See* Complaint, WHEREFORE clauses, ¶ c.  The FCRA allows Plaintiff to recover up to $100,000 in punitive damages (Fla. Stat. § 760.11(5)), and Plaintiff's Complaint does not indicate she is seeking anything less than that amount.  *See generally*, Complaint.  Thus, even excluding the aforementioned compensatory damages, the amount in controversy reasonably can be expected to exceed the $75,000 jurisdictional requirement.  *See*, *e.g.*, *Ryan v. State Farm Mut. Auto Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding the amount in controversy was satisfied where the parties' dispute was "less than five hundred dollars," but the Plaintiff requested $100,000 in punitive damages"); *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, *16 (M.D. Fla. May 11, 2005) (concluding the amount in controversy exceeded $75,000, in part, because plaintiff sought punitive damages, and nothing in her motion to remand indicated she sought less than the $100,000 statutory maximum).

24.     Moreover, again, a review of reported FCRA verdicts in Florida state and federal courts from January 1, 2016 to the present reveals that juries have awarded FCRA plaintiffs anywhere from $25,000 to $21,000,000 in punitive damages.  Assuming any awards above $100,000.00 are reduced to $100,000.00, the average award of punitive damages during the past approximately five years was $78,571.43.  *See* Exhibit 3-A.

## C. <u>ATTORNEY'S FEES AND COSTS</u>

25.     Finally, Plaintiff seeks recovery for attorney's fees and costs, which are expressly

provided for by the FCRA. *See* Fla. Stat. § 760.11(5). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862 at *13 (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)); *Ramsay v. United Collection Bureau, Inc.*, Case No. 17-61246-CIV-DIMITROULEAS, ECF No. 13 n.2 (S.D. Fla. Aug. 23, 2017) ("estimated attorney's fees nearly always bring a state law claim with a prevailing plaintiff attorney's fee provision over the current jurisdictional threshold").

26.     Notably, defense counsel may provide the Court with an estimate of Plaintiff's attorney's fees based on defense counsel's experience of the number of hours likely needed to litigate the case and an estimate of Plaintiff's counsel's hourly rate. *See Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746, *5-8 n.4 (M.D. Fla. Mar. 23, 2007) (finding that defense counsel's estimate of plaintiff's attorney's fees through trial - 200 hours at a rate of $200 per hour in an employment discrimination lawsuit - was not a mere conclusory or speculative allegation because the estimate was based on defense counsel's experience regarding the number of hours likely needed to litigate the case and the hourly rate used was less than that charged by plaintiff's counsel).

27.     Based on lead defense counsel's experience in employment matters in South Florida, Defendant estimates Plaintiff's counsel will spend approximately 300 hours litigating this matter through trial. Even based on a conservative estimated hourly rate of $200, Defendant submits Plaintiff could recover approximately $60,000 or more in reasonable attorney's fees should she prevail at trial. *See* Exhibit 3 (Declaration of Paul F. Penichet).

Case No. _____

28.     In light of Plaintiff's claims for compensatory damages, punitive damages, and attorney's fees and costs, Defendant has established by a preponderance of the evidence that the amount in controversy in this matter is in excess of $75,000.

29.     Because there is complete diversity of citizenship between the parties and the Complaint seeks an amount in controversy in excess of $75,000, the United States District Court for the Southern District of Florida has original subject matter jurisdiction over this matter. *See Ramsay v. United Collection Bureau, Inc.*, Case No. 17-61246-CIV-DIMITROULEAS, ECF No. 13 n.2 (S.D. Fla. Aug. 23, 2017) (exercising jurisdiction over FCRA claim based on diversity jurisdiction).

30.     Defendant submits this Notice of and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding Plaintiff has pled claims upon which relief can be granted.

Dated: March 5, 2021

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, FL 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

By: *s/ David Z. Feingold*
Paul F. Penichet, Esq.
Florida Bar No. 899380
E-mail: *paul.penichet@jacksonlewis.com*
David Z. Feingold, Esq.
Florida Bar No. 1025155
E-mail: *david.feingold@jacksonlewis.com*

*Counsel for Defendant*

Case No. _____

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of March 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of record identified on the below Service List in the manner specified.

<u>*s/ David Z. Feingold*</u>
David Z. Feingold, Esq.

## <u>SERVICE LIST</u>

| | |
|---|---|
| Ryan Brenton, Esq. | Paul F. Penichet, Esq. |
| Florida Bar No. 107675 | Florida Bar No. 899380 |
| Email: *rcb@brentonlegal.com* | E-mail: *paul.penichet@jacksonlewis.com* |
| *eservice@brentonlegal.com* | David Z. Feingold, Esq. |
| Travis Beal, Esq. | Florida Bar No. 1025155 |
| Florida Bar No. 104890 | E-mail:  *david.feingold@jacksonlewis.com* |
| Email: *tjb@brentonlegal.com* | JACKSON LEWIS P.C. |
| BRENTON LEGAL, P.A. | One Biscayne Tower, Suite 3500 |
| 1070 E. Indiantown Road, Suite 400 | 2 South Biscayne Boulevard |
| Jupiter, Florida 33477 | Miami, Florida 33131 |
| Telephone: (954) 639-4644 | Telephone: (305) 577-7600 |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

4813-9358-3839, v. 1