# EXHIBIT 1



**KP / ALL**
**Transmittal Number: 22765478**
**Date Processed: 02/16/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Byron Hayes<br>Zimmer Holdings, Inc.<br>345 E Main St<br>Warsaw, IN 46580-2746 |
| **Electronic copy provided to:** | Tina McCoy<br>Lisa Dunkin<br>Justin Kashman<br>Myka Fernandez<br>Dona Reust<br>Chad Phipps<br>Maureen Smith |

| | |
|---|---|
| **Entity:** | Biomet 3i, LLC<br>Entity ID Number  3499519 |
| **Entity Served:** | Biomet 3i LLC |
| **Title of Action:** | Laura Campbell vs. Biomet 3i LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Palm Beach County Circuit Court, FL |
| **Case/Reference No:** | 502021CA001568XXXXMB Div: AB |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 02/15/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ryan Brenton<br>954-639-4644 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Filing # 120815363 E-Filed 02/04/2021 11:25:11 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LAURA CAMPBELL,                                    Case No.:

      Plaintiff,

vs.

BIOMET 3i, LLC, a Florida Limited Liability
Company,

      Defendant.

_____/

ABP# MCNTI11
DATE 2/15/21 TIME 905h
Name_____ Badge/ID#____
*** scan back executed ***

## SUMMONS IN A CIVIL CASE

THE STATE OF FLORIDA
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, Request to
Produce, Notice of Interrogatories, and Notice of Designation of Email Addresses in this action
on Defendant:

**BIOMET 3i, LLC, a Florida Limited Liability Company**
**By Serving its Registered Agent:**
**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301**

Each Defendant is required to serve written defenses to the complaint upon Plaintiff's attorney,
whose name and address is: Ryan C. Brenton, Esq., Brenton Legal P.A., 1070 E. Indiantown Rd.,
Suite 400, Jupiter, FL 33477, Phone: 954-639-4644, within 20 days after service of this
summons, exclusive of the day of service, and to file the original of the defenses with the clerk of
this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant
fails to do so, a default will be entered against that defendant for the relief demanded in the
complaint.

Dated: Feb 05 2021

Joseph Abruzzo
XXXXXXX XXXXX CLERK OF THE COURT

By: _Shalea Ravenell_____
                    Shalea Ravenell
    Deputy Clerk

Filing # 120815363 E-Filed 02/04/2021 11:25:11 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LAURA CAMPBELL,                                  CIRCUIT CIVIL DIVISION

      Plaintiff,                                      CASE NO.:

vs.

BIOMET 3i, LLC. a Florida Limited Liability
Company,

      Defendant(s).
_____/

## Complaint for Damages and Equitable Relief – Jury Trial Demanded

Plaintiff, LAURA CAMPBELL (hereinafter "Campbell" or "Plaintiff"), sues Defendant,
BIOMET 3i, LLC. a Florida Limited Liability Company (hereinafter "Defendant"), and alleges
as follows:

### Introduction

1.     This is a race discrimination and retaliation complaint brought by Plaintiff, a Black
woman, who, despite her excellent experience, qualifications, and performance, was discriminated
against by her Hispanic and/or non-Black supervisors and terminated when she complained about
it. She sues pursuant to the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stat. ("FCRA"),
seeking compensatory and punitive damages, equitable relief, litigation expenses, and reasonable
attorneys' fees.

### Jurisdiction and Venue

2.     This is an action for damages in excess of $30,000 exclusive of costs and interest,
and for injunctive relief. Jurisdiction in this Court is proper under Fla. Stat. § 26.012.

3.     The Court has jurisdiction of the claims herein pursuant to the FCRA.

4.      Defendant conducts business in Palm Beach County, and all claims stated herein accrued in Palm Beach County. As such, venue in Palm Beach County is properly invoked pursuant to Flat. Stat. § 47.051.

### The Parties

5.      At all times material hereto, Plaintiff was a Black-American female, over the age of eighteen (18), residing in Palm Beach County, and was a qualified employee of Defendant.

6.      At all times material hereto, Defendant was, and continues to be, a Florida Limited Liability Company, doing business in Palm Beach County, with its headquarters located at 4555 Riverside Drive, Palm Beach Gardens, Florida 33410. Defendant employed Plaintiff and was an "employer" as envisioned by the FCRA.

### Conditions Precedent

7.      On or about April 22, 2020, Plaintiff filed a Charge of Discrimination with the EEOC and cross-filed that charge with the Florida Commission on Human Relations ("FCHR").

8.      More than 180 days have elapsed from her filing the Charge of Discrimination without the FCHR either conciliating or making a finding adverse to Plaintiff, entitling her to bring this civil action.

9.      All conditions precedent to this action have been satisfied, have been waived, or would be futile.

### General Allegations

10.     On or about October 30, 2017, Defendant hired Plaintiff as an in-process inspector of dental implant components.

11.     Defendant immediately assigned Plaintiff to its night shift, which ran from 11:00 p.m. to 7:00 a.m.

12.     Plaintiff worked for Defendant for approximately six months as a temporary employee, and then Defendant hired Plaintiff directly.

13.     Plaintiff met all expectations from a performance standpoint, and even took courses offered by Defendant to be able to train other members in Defendant's manufacturing and production methods.

14.     Plaintiff quickly became proficient in all aspects of Defendant's manufacturing and production process, including deburring, cleaning, and measurements.

15.     Plaintiff also regularly trained other employees on these same aspects of Defendant's manufacturing process.

16.     After approximately one year of working the night shift, Plaintiff began to make requests to her Hispanic supervisors for a transfer to the more preferable first and second shifts.

17.     Defendant repeatedly denied Plaintiff's request to transfer shifts, stating there were no positions available for her on those shifts.

18.     However, despite denying Plaintiff's transfer requests, Defendant hired multiple less experienced, Hispanic, outside applicants to work on the first second shifts.

19.     Further, Plaintiff would also routinely ask to work overtime hours whenever Defendant had the need.

20.     However, Defendant would regularly deny these requests as well, and award the desired overtime hours to Plaintiff's less experienced, Hispanic, colleagues.

21.     In or about February 2020, Plaintiff met with her supervisors to complaint of Defendant's favoritism toward her less experienced Hispanic colleagues.

22.     Defendant immediately suspended Plaintiff in response to her complaint and terminated her employment approximately two weeks later.

## Count I: Race Discrimination in Violation of the Florida Civil Rights Act

23.     Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-22.

24.     The FCRA provides at § 760.10(1), Fla. Stat.:

It is an unlawful employment practice for an employer:

(a)     To discharge or…discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, …[or] national origin …

(b)     To limit,…or classify employees…in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's…race, color,… [or] national origin….

25.     Plaintiff's race was a substantial motivating cause of her being treated differently than other employees.

26.     The race-discriminatory conduct of the Defendant and its agents, proximately, directly, and foreseeably caused plaintiff damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

27.     Plaintiff has no plain, adequate, or complete remedy at law for Defendant's actions, which have caused, and continue to cause, irreparable harm.

28.     Defendant's discrimination against Plaintiff, of which Defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against Defendant to punish it and dissuade such conduct in the future.

29.     Plaintiff is entitled to recover attorneys' fees and litigation expenses under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff prays that this Court will:

a.     determine that Defendant's termination of Plaintiff was a violation of her rights against race discrimination under the FCRA;

b.     order Defendant to cease violating Plaintiff's rights against race discrimination and to make her whole through either reinstatement or front pay;

c.     grant Plaintiff a judgment against Defendant for back pay and damages, including punitive damages, for its violations of the FCRA;

d.     grant Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant; and

e.     provide any other relief that is appropriate.

### Count II: Retaliation Under the Florida Civil Rights Act

30.     Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-22.

31.     The FCRA provides in pertinent part as § 760.10(7), Fla. Stat., that "[i]t is an unlawful employment practice for an employer...[t]o discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section...."

32.     Plaintiff "opposed [a] practice which is an unlawful employment practice" when she complained to her supervisors that the less experienced and shorter tenured Hispanic co-workers were receiving more favorable treatment from Hispanic management.

33.     Defendant was aware of Plaintiff's objections to what she objectively and reasonably believed were unlawful employment practices.

34.   Defendant, temporally proximately to Plaintiff's expression of opposition to what she objectively and reasonably believed to be discriminatory treatment, retaliated against her by terminating her employment.

35.   As a direct, natural, proximate, and foreseeable result of Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

36.   Plaintiff has no plain, adequate, or complete remedy at law for Defendant's actions, which have caused, and continue to cause, irreparable harm.

37.   Defendant's retaliation against Plaintiff, of which Defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against retaliation as to entitle Plaintiff to an award of punitive damages against Defendant to punish it and dissuade such conduct in the future.

38.   Plaintiff is entitled to recover attorneys' fees and litigation expenses under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff prays that this Court will:

a.   determine that Plaintiff engaged in protected activity under § 760.10(7), and that Defendant took adverse employment actions against her because of her engagement in the protected activities;

b.   order Defendant to cease violating Plaintiff's rights against retaliation and to make her whole through either reinstatement or front pay;

c.   grant Plaintiff a judgment against Defendant for back pay and damages, including punitive damages, for its violations of the FCRA;

  d.  grant Plaintiff her reasonable attorneys' fees and litigation expenses against

Defendant; and

  e.  provide any other relief that is appropriate.

### Jury Trial Demand

Plaintiff demands trial by jury on all issues so triable.

Dated this 4th day of February, 2021.

        Respectfully submitted,

        **Brenton Legal P.A.**
        *Counsel for Plaintiff*
        1070 E. Indiantown Rd., Suite 400
        Jupiter, FL 33477
        Phone: 954-639-4644
        Service: eservice@brentonlegal.com

      By: */s/ Ryan Brenton*
        Ryan Brenton
        Florida Bar No.: 107675
        rcb@brentonlegal.com
        Travis Beal
        Florida Bar No.: 104890
        tjb@brentonlegal.com

Filing # 120815363 E-Filed 02/04/2021 11:25:11 AM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Laura Campbell</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>BIOMET 3i LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☒ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☐ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☒ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☒ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION: [  ]**
(Specify)

   <u>2</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Travis Jackson Beal</u>       Fla. Bar # <u>104890</u>
      Attorney or party                 (Bar # if attorney)

<u>Travis Jackson Beal</u>        <u>02/04/2021</u>
 (type or print name)        Date

Filing # 120815363 E-Filed 02/04/2021 11:25:11 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LAURA CAMPBELL,

      Plaintiff,

vs.

BIOMET 3i, LLC, a Florida Limited Liability
Company,

      Defendant(s).

_____/

CIRCUIT CIVIL DIVISION

CASE NO.:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, LAURA CAMPBELL, pursuant to Florida Rule of Civil Procedure 1.350, requests that Defendant, BIOMET 3i, LLC, produce the documents and electronically-stored information designated below to the offices of the undersigned at 1070 E. Indiantown Road, Suite 400, Jupiter, FL 33477. Responsive documents should be produced electronically if possible and are due within the time prescribed by the Florida Rules of Civil Procedure, or at such other time and place mutually agreed to by the parties.

### INSTRUCTIONS

A.    Unless otherwise specified, this request covers a period beginning **January 1, 2017**, through the date of your response to this First Request for Production (the "Relevant Time Period").

B.    When a complete personnel file of Defendant's employee is requested herein, it should be considered a request for those documents, commonly maintained in the ordinary course of business, that evidence the following information:

    a.  last known contact information;

    b.  application for employment;

c.  duties and/or responsibilities;

d.  positions held within Defendant's business entities, or their affiliates, subsidiaries or successors;

e.  location and dates of positions held;

f.  description of positions held;

g.  salary, commissions and/or income earned;

h.  entitlement to specific benefits;

i.  history of promotions and/or demotions;

j.  history of disciplinary actions;

k.  performance evaluations or periodic performance reviews, whether formal or informal;

l.  letters of commendation and/or complaint;

m.  discipline, warnings and/or investigations about the employee's conduct;

n.  any training, completion of equal employment opportunity-related courses, and the dates thereof.

C.  **Privilege.** You bear the burden to justify any claimed privilege that you assert in response to this discovery request. If you fail to respond fully to any request based on a claim of privilege, state the privilege or doctrine being invoked and provide the following information regarding each document in a privilege log: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the author of the; (e) the recipients of the document; and (f) the reasons why the document should not be produced. The information provided in the privilege log must describe the nature of the undisclosed communication in a manner that allows Plaintiff and the Court to evaluate the claimed privilege.

D.    <u>Objections.</u> You bear the burden to justify any objection that you assert in response to this discovery request. If you object to any request, whether in whole or in part, state the legal basis for each objection you raise and the factual grounds on which you rely to support each objection.

## DEFINITIONS

1.    "You" or "your" or "Defendant" means BIOMET 3i, LLC, its past and present employees, agents, administrators, subsidiaries, affiliates, corporate parents, successors, officers, directors, consultants, representatives, attorneys, and any other person acting or purporting to act on its behalf or under its control.

2.    Plaintiff means LAURA CAMPBELL, the Plaintiff in this lawsuit.

3.    "Person" means any natural person or group of natural persons, or any entity or group of entities, including without limitation, any corporation, partnership, association, business trust, legal representative or other organization

4.    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon the relationship with other events).

5.    "Refer to" or "relate to" is to be construed broadly to mean any reasonable connection to the subject matter of the discovery inquiry, whether that connection is direct or indirect.

6.    "Identify" when referring to a natural person shall include, without limitation, his or her full name, present or last known home address and last known business affiliation and address, title or occupation, last known home and business telephone numbers and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

7.    "Identify" when used in reference to an entity, means to state that entity's full name, address(es), and telephone number(s).

8.    "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for the purposes of Rule 1.350 of the Florida Rules of Civil Procedure and includes, without limitation:

a.   its author;

b.   its subject matter, title and date, and the total number of pages thereof;

c.   a summary of its contents;

d.   its type (e.g., e-mail, letter, memorandum, report, chart, etc.), or some other means of recognizing it;

e.   its present location and custodian; and

f.   if it no longer exists, the date of its disposition (i.e. loss, destruction, etc.) and

g.   the circumstances surrounding the disposition.

9.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10.   "Document" and "Electronically stored information" shall refer to all writings of any kind, in English or any other language, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation the following: correspondence, memoranda, notes, diaries, entries in calendars, ledgers, letters, telegrams, minutes, reports, studies, statements, transcripts, summaries, pamphlets, books, notations of any sort of conversations, telephone calls, meetings or other communications, telefax, worksheets, and all other printed or hand written materials; it also

includes graphic or oral recordings or representations of any kind including photographs, charts, graphs, microfiche, microfilm, video tape, records, and motion pictures. The terms "Document" and "electronically stored information" also include electronic data compilations including material stored in electronic, mechanical, or magnetic media, including but not limited to recordings, web pages, blogs, email, tapes, cassettes, discs, CD-ROM, or information stored on the hard drive of a computer, including meta data.

11.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make a Request inclusive rather than exclusive.

12.     The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

13.     The terms "relating," "relating to," "referring," and "referring to," shall mean making a statement about, discussing, describing, reflecting, referencing, concerning, constituting, identifying, dealing with, consisting of, containing, interpreting, summarizing, establishing, comprising, listing, evidencing, substantiating, involving, or in any way pertaining to the subject matter, in whole or in part.

14.     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

15.     The term "action" shall mean the case in which these discovery requests are being served.

## DOCUMENT REQUESTS

1.    Plaintiff's personnel file.

2.    All documents that reflect Defendant's personnel policies in effect during the **Relevant Time Period**, including Defendant's employee handbook and any other personnel policies, procedures, or guidelines.

3.    All documents that reflect Defendant's policies concerning shift assignments in effect during the **Relevant Time Period**, including Defendant's employee handbook and any other personnel policies, procedures, or guidelines.

4.    All documents that reflect Defendant's policies concerning overtime in effect during the **Relevant Time Period**, including Defendant's employee handbook and any other personnel policies, procedures, or guidelines.

5.    Documents (including electronically stored information) reflecting job description, job duties, job responsibilities, and/or job qualifications for the position or positions which Plaintiff held during the **Relevant Time Period**.

6.    Documents (including electronically stored information) reflecting draft and completed performance evaluations for Plaintiff during the **Relevant Time Period**.

7.    Documents (including electronically stored information) that show the amount and nature of all compensation paid to Plaintiff by Defendant during the **Relevant Time Period**. This request includes, but is not limited to, all payroll records and all documentation of hours worked, pay rates, and any other form of compensation, including fringe benefits paid to or earned by Plaintiff.

8.    Documents reflecting any communication to, from, or including officials of Human Resources and/or Defendant's corporate office about Plaintiff during the **Relevant Time Period**.

This request includes any communication, activity logs, notes, summaries, text messages, and responses.

9.      Documents reflecting any communications to, from, or including Plaintiff's supervisors about Plaintiff during the **Relevant Time Period**. This request includes any communication, activity logs, notes, summaries, text messages, and responses.

10.     Documents reflecting any communications between Plaintiff and Defendant about Plaintiff's job performance, compensation, or benefits.

11.     Documents which demonstrate that Plaintiff's work performance failed to meet expectations during Plaintiff's employment with Defendant.

12.     Documents which demonstrate that Plaintiff's work performance met or exceeded expectations during Plaintiff's employment with Defendant.

13.     Documents that show hours worked and/or duties performed by Plaintiff for the **Relevant Time Period**.

14.     Documents (including electronically stored information) pertaining to the decision to terminate Plaintiff's employment, including all drafts.

15.     Documents or statements regarding the termination of Plaintiff's employment.

16.     Documents (including electronically stored information) pertaining to each act, conduct, or omission on the part of Plaintiff that Defendant contends bars or limits Plaintiff's claims.

17.     Documents (including electronically stored information) sufficient to identify the supervisory structure or hierarchy of which Plaintiff was a part during the **Relevant Time Period**, including, but not limited to, organizational charts.

18.   Documents (including electronically stored information) sufficient to identify the human resources structure or hierarchy of Defendant during the **Relevant Time Period**, including, but not limited to, organizational charts.

19.   Documents (including electronically stored information) that refer or relate to this lawsuit against Defendant, the allegations contained therein, Defendants' defenses to such allegations and/or Defendant's investigations of such allegations. This request includes communications referring or relating to this lawsuit.

20.   Documents (including electronically stored information) reflecting Defendant's document retention policies during the **Relevant Time Period**.

21.   Any and all non-privileged emails mentioning the word "Laura" and/or "Campbell" dated from the beginning of Plaintiff's employment to present.

22.   All communications and other documents (including but not limited to correspondence, internal memoranda, e-mail, text and SMS messages) concerning or pertaining to Plaintiff that were sent or received by Defendant during the **Relevant Time Period**.

23.   Any agreements or employee policies Plaintiff signed while employed by Defendant.

24.   Any and all insurance agreements, including, but not limited to, any employment practices liability insurance policy(ies), under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

25.   For each fiscal year or calendar year from 2018 through present, provide the following documents prepared by or on behalf of Defendant:

a.   Audited financial statements (or unaudited if audited no available);

b. Documents reflecting gross income, net income, and expenditures;

c. Profit and loss statements;

d. Balance sheets;

e. Complete state and federal corporate tax returns, including all documents used, relied upon, or referred to in the preparation of said tax returns;

f. Annual reports for Defendant (that reflect its income) filed with the Office of the Secretary of State for the state of Defendant's incorporation.

26. Any witness statements, declarations, or affidavits in Defendant's possession or control in relation to this lawsuit.

27. Documents (including electronically stored information) concerning any person whom you plan to have testify as an expert witness at a trial of this action:

a. Resume or curriculum vitae of such witness;

b. A list of all lawsuits, trials, or other legal actions in which such witness has been hired to consult or testify, and an identification of the party for whom such services were provided;

c. All documents reflecting communications between Defendant or counsel for Defendants and such witness that: (a) relate to compensation for such witness's study or testimony; (b) identifies facts or data provided by Defendant's counsel to such witness and that the witness considered in forming his/her opinions; and (c) relate to assumptions that Defendant's counsel provided and that the expert relied upon in forming his/her opinions;

d. All written accounts or reports of such expert witness' opinion(s) in this lawsuit; and

    e.   All documents reflecting facts or data upon which such expert witness' opinion is based.

28.    Documents: a) given to any agency, department, official, or office of federal, state, or local government, including but not limited to the Equal Employment Opportunity Commission (EEOC) or Florida Commission of Human Relations (FCHR); or b) discussing or otherwise pertaining in any way to written or oral communications between you and said governmental agency, department, official, or office, which, in either case, relate in any manner to any alleged actions by any employee or its agents, or relating to any other matters encompassed by the Complaint and/or other pleadings herein.

29.    Copies of any and all claims made by any employee of Defendant during the last three (3) years that Defendant was engaging in unfair labor practices (i.e., discrimination, harassment, retaliation) or any other violations of law.

30.    A list of all employees hired in the past three (3) years in the department in which Plaintiff worked, including the date of hire, position, and the hired rate of pay for each new employee.

31.    All documents (including electronically stored information) reviewed or referred to in answering Plaintiff's First Set of Interrogatories served with this Request for Production.

32.    All documents obtained by Defendant from a third-party pertaining to this lawsuit, including documents obtained in response to a subpoena, or documents obtained in response to a written or verbal request for information from Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Request for

Production was served contemporaneously with the Summons and Complaint in this matter.

                     **Brenton Legal P.A.**
                     *Counsel for Plaintiff*
                     1070 E. Indiantown Rd., Suite 400
                     Jupiter, FL 33477
                     Phone: 954-639-4644
                     Service: eservice@brentonlegal.com

                  By:  */s/ Ryan Brenton*
                        Ryan C. Brenton
                        Florida Bar No.: 107675
                        rcb@brentonlegal.com
                        Travis J. Beal
                        Florida Bar No. 104890
                        tjb@brentonlegal.com

Filing # 120815363 E-Filed 02/04/2021 11:25:11 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LAURA CAMPBELL,                                    CIRCUIT CIVIL DIVISION

      Plaintiff,                                   CASE NO.:

vs.

BIOMET 3i, LLC, a Florida Limited Liability
Company,

      Defendant(s).
_____/

## PLAINTIFF'S NOTICE OF COMPLIANCE WITH RULE 2.516 AND DESIGNATION OF E-MAIL ADDRESSES

Plaintiff, LAURA CAMPBELL, by and through Ryan Brenton, Esq. and Travis Beal, Esq., with the law firm Brenton Legal, P.A., files this Notice of Compliance with Rule 2.516, Florida Rules of Judicial Administration, and designates the following email addresses for service and correspondence:

**Primary (E-service):**      eservice@brentonlegal.com
                                  tjb@brentonlegal.com

**Secondary (Correspondence):**    rcb@brentonlegal.com
                                  tjb@brentonlegal.com

**Please note that e-service should utilize both primary e-mail addresses above.**

Page **1** of **2**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed with the Court using the Florida e-portal system along with the complaint in this matter and served upon Defendant as part of the original service of process.

> **Brenton Legal P.A.**
> *Counsel for Plaintiff*
> 1070 E. Indiantown Rd., Suite 400
> Jupiter, FL 33477
> Phone: 954-639-4644
> Service: eservice@brentonlegal.com
>
> By: /s/ Ryan Brenton
>     Ryan C. Brenton
>     Florida Bar No.: 107675
>     rcb@brentonlegal.com
>     Travis J. Beal
>     Florida Bar No. 104890
>     tjb@brentonlegal.com

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LAURA CAMPBELL,                          CIRCUIT CIVIL DIVISION

      Plaintiff,                          CASE NO.:

vs.

BIOMET 3i, LLC, a Florida Limited Liability
Company,

      Defendant(s).
_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, LAURA CAMPBELL, pursuant to Florida Rule of Civil Procedure 1.340, hereby

provides notice of propounding the attached First Set of Interrogatories to Defendant, BIOMET

3i, LLC. The answers are to be given under oath served upon the undersigned within the time

permitted by the Rules.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of Plaintiff's First Set of Interrogatories to Defendant was served contemporaneously with the Summons and Complaint in this matter.

> **Brenton Legal P.A.**
> *Counsel for Plaintiff*
> 1070 E. Indiantown Rd., Suite 400
> Jupiter, FL 33477
> Phone: 954-639-4644
> Service: eservice@brentonlegal.com
>
> By: */s/ Ryan Brenton*
> Ryan C. Brenton
> Florida Bar No.: 107675
> rcb@brentonlegal.com
> Travis J. Beal
> Florida Bar No. 104890
> tjb@brentonlegal.com

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

LAURA CAMPBELL,                           CIRCUIT CIVIL DIVISION

      Plaintiff,                          CASE NO.:

vs.

BIOMET 3i, LLC, a Florida Limited Liability
Company,

      Defendant(s).
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, LAURA CAMPBELL, propounds the following Interrogatories upon Defendant,

BIOMET 3i, LLC, and requests that they be answered separately, fully, and under oath within the

time prescribed by Rule 1.340 of the Florida Rules of Civil Procedure.

### Definitions

1.    "You" or "your" or "Defendant" means BIOMET 3i, LLC, its past and present

employees, agents, administrators, subsidiaries, affiliates, corporate parents, successors, officers,

directors, consultants, representatives, attorneys, and any other person acting or purporting to act

on its behalf or under its control.

2.    Plaintiff means Laura Campbell, the Plaintiff in this lawsuit.

3.    "Person" means any natural person or group of natural persons, or any entity or

group of entities, including without limitation, any corporation, partnership, association, business

trust, legal representative or other organization.

4.    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the

best approximation of the date (based upon the relationship with other events).

5.  "Refer to" or "relate to" is to be construed broadly to mean any reasonable connection to the subject matter of the discovery inquiry, whether that connection is direct or indirect.

6.  The words "pertain to" or "pertaining to" mean: relates to, refers to contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

7.  The terms "relating," "relating to," "referring," and "referring to," shall mean making a statement about, discussing, describing, reflecting, referencing, concerning, constituting, identifying, dealing with, consisting of, containing, interpreting, summarizing, establishing, comprising, listing, evidencing, substantiating, involving, or in any way pertaining to the subject matter, in whole or in part.

8.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9.  The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, e-mails, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

10. "Identify" when used herein in reference to a person, shall mean to state his or her full name, present or last known business address (or residential address if no present business

address is known), telephone number and the name of such person's present or last known employer, place of employment and position, and the position during the relevant time period;

11. "Identify" when used herein in reference to a document, shall mean to state:

    a. The date appearing on such document and, if no date so appears, then to so state and to give the date or best approximate date on which such document was prepared;

    b. The general type of document (e.g., letter, correspondence, note, memorandum, telegram, cable, sound recording drawing, photograph, data card, data printout, etc.);

    c. Every author or originator whether such person signed the document or not;

    d. The person having possession, custody or control of such document as well as each other person who has had possession, custody or control during the relevant time period;

    e. A description of the contents of the document.

12. "Identify" when used herein in reference to a communication, shall mean to state:

    a. If the communication was in written or other documentary form, the information set forth in the previous instruction concerning documents;

    b. If oral:

        i. the date of the communication, and whether it was in person or by telephone or both;

        ii. the parties to the communication;

        iii. the substance of the communication; and

    iv.   if the communication is reflected in any document, identify any such document.

    c.  The date of the communication;

    d.  The parties to the communication; and

    e.  If the communication was written.

13.    The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

14.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make a Request inclusive rather than exclusive.

15.    The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

16.    The term "action" shall mean the case in which these discovery requests are being served.

17.    **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

18.    **Number.** The use of the singular form of any word includes the plural and vice versa.

### Instructions

Where an objection is made to any interrogatory or subpart thereof or to any production request, the objection shall state with specificity all grounds.

If you object to fully identifying a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

1. the nature of the privilege claimed (including work product);

2. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3. the date of the document, electronically stored information or communication;

4. if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

5. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

6. the general subject matter of the document, electronically stored information or oral communication.

## Plaintiff's First Set of Interrogatories to Defendant

1.   Please identify each person who participated in answering these interrogatories and, if
applicable, the person's official position or relationship with the party to whom the
interrogatories are directed.

**Response**:

2.    Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, including the matters referenced in your answers to interrogatories, and state the specific nature and substance any such knowledge.

**Response**:

3.   As to any decision to terminate Plaintiff's employment:

    a.   identify each person who had input into that decision, participated in that decision, finally made or executed that decision, and state the role of each person (e.g., recommended the decision; reviewed the decision; made the decision, communicated the decision, etc.);

    b.   specify the dates of and identify the participants in any and all discussions (verbal or written) in deciding to terminate Plaintiff's employment;

    c.   specify each reason for terminating Plaintiff's employment, and;

    d.   identify each document that was reviewed, used and/or created during the decision making process, provided a basis for the decision, or was used in an after-the-fact analysis of the decision.

**Response**:

4.  Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement(s), the name and address of each person who heard it, and the date, time, place and substance of each statement.

    **Response**:

5.    Please state whether Plaintiff received any disciplinary notices, including negative evaluations, warnings, or any communication indicating that Plaintiff was not performing her job adequately or that Plaintiff's job might be in jeopardy during her employment with Defendant. For each instance, please state the date, the name and job title of any individual who delivered such notice, whether said notice was given orally or in writing, the manner in which the notice was presented, whether the notice was formal or informal and the content of the notice.

**Response**:

6.    Has Defendant been accused of race or national origin discrimination in the last ten years? If so, please state the name of the employee, the employment history with the Defendant of the person or persons who filed the claim or complaint. including job titles and dates. the date the claim or complaint was filed, the charges made in the claim or complaint. all actions taken on the basis of the claim or complaint. whether a lawsuit was filed. and the case number of said lawsuit.

**Response**:

7.   If Plaintiff was replaced by one or more individuals who performed all or part of Plaintiff's job responsibilities after Defendant terminated Plaintiff's employment, state with regard to each such individual his or her name, title or description, job description, rate of pay, and work hours per work week.

**Response:**

8.  If you contend that any act or conduct on the part of Plaintiff bars or limits Plaintiff's claim (in whole or part), please describe each act or conduct; state when you or the received notice of each act or conduct; identify (by name, addresses, job title and telephone numbers) each individual with knowledge of each act or conduct; and list or describe all documents related to each such act or conduct.

**Response:**

## <u>VERIFICATION</u>

_____

**BIOMET 3i, LLC**

Print: _____

Title: _____

State of _____ )

County of _____ )

  I HEREBY CERTIFY that on this day, before me, an officer duly authorized to administer

oaths, personally appeared in the county and state aforesaid, _____,

the _____ of **BIOMET 3i, LLC**, who is personally known to me or who

has produced as identification and, having been duly sworn to tell the truth, says that the foregoing

answers are true and correct of his or her own personal knowledge.

  IN WITNESS WHEREOF I set my signature and official seal this _____ day of

_____, 2021.

_____

NOTARY PUBLIC

My commission expires: